IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASHLEY OLLIFF, individually and on behalf of all those similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NEA-BBQ, LLC d/b/a SONNY'S BBQ,  )<br>)<br>Defendant.  )<br>) | CIVIL ACTION NO.: _____ |

## COMPLAINT

PLAINTIFF ASHLEY OLLIFF ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files this Complaint against DEFENDANT NEA-BBQ, LLC d/b/a SONNY'S BBQ ("Defendant") and for this cause of action states the following:

*Nature of the Claim*

1. Plaintiff brings this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., which have deprived Plaintiff and others

similarly situated of their lawful wages.  Plaintiff also brings this action on an individual basis to redress Defendant's violation of 26 U.S.C. § 7434.

2. This action seeks unpaid minimum wage compensation, liquidated damages, damages associated with Defendant's violation of 26 U.S.C. § 7434, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Plaintiff is a resident of Georgia and was employed by Defendant from March 2014 until September 2015 as a server at Defendant's Sonny's BBQ restaurant located in Conyers, Georgia.

6. Defendant operates Sonny's restaurants, is organized under the laws of the State of Georgia, is authorized to do business in the State of Georgia, and maintains a corporate office at 5078 Bristol Industrial Way, Suite 200, Buford, Georgia 30518.

### *Factual Allegations*

7. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from the overtime provisions of the FLSA.

8. At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

9. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof. Defendant employed Plaintiff as a server at one of its restaurants.

## Defendant's Failure to Comply with the FLSA

10.  Pursuant to 29 U.S.C. § 203(m), an employer may take a tip credit on the wages of a "tipped employee" if the employee receives customer tips in an amount that, together with the sub-minimum wage, equals the minimum hourly wage.

11.  Additionally, to take the tip credit authorized by 29 U.S.C. § 203(m), an employer must notify an employee that it intends to treat the employees' tips as satisfying part of its minimum wage obligations.

12.  At all times relevant to this action, Defendant attempted to take advantage of 29 U.S.C. § 203(m) with respect to Plaintiff and other similarly-situated employees.

13.  At all times relevant to this action, Defendant classified all servers, including Plaintiff, as non-exempt for FLSA purposes and paid them on an hourly basis at a sub-minimum wage hourly rate of $2.13.

14.  Defendant also deducted from each of Plaintiff and other similarly-situated employees' paychecks $5 every two weeks ($130 annually) that purportedly represented the employees' uniform costs.

15. Defendant did not, however, notify Plaintiff and other similarly-situated employees that it intended to treat the employees' tips as satisfying part of its minimum wage obligations

16. Additionally, even if Defendant was entitled to use the tip credit authorized by 29 U.S.C. § 203(m), Plaintiff and other similarly-situated employees did not receive customer tips in an amount that, together with the sub-minimum wage and the uniform deduction, equaled the minimum hourly wage.

17. Consequently, Defendant was required to provide additional compensation to Plaintiff and other similarly-situated employees in order to equal the minimum hourly wage.

18. In lieu of doing so, Defendant altered the compensation records of Plaintiff and other similarly-situated employees in order to falsely adjust upward those employees' tips in order to make it appear that these employees had received customer tips in an amount that, together with the sub-minimum wage and the uniform deduction, equaled the minimum hourly wage.

19. The effect of Defendant's practice of adjusting upwards the tips was to save Defendant money by decreasing the amount of compensation that Defendant would have to pay to Plaintiff and other similarly-situated employees in order to ensure that they received the minimum hourly wage.

20. Defendant's practices violate the minimum wage provisions of the FLSA by failing to compensate Plaintiff and other similarly-situated employees consistent with the minimum wage provisions of the FLSA.

21. Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff and other similarly-situated employees in accordance with the FLSA.

### Defendant's Violation of 26 U.S.C. § 7434

22. Upon information and belief, Defendant filed an information return as that term is defined under 26 U.S.C. § 6724 with respect to Plaintiff during 2014.

23. Upon information and belief, in that information return, Defendant reported the information required by 26 U.S.C. § 605, including the purported amount of tips reported by its employees.

24. Upon information and belief, Defendant's information return was fraudulent. Defendant knew that the information return did not contain the actual amount of tips that Plaintiff reported to Defendant and, instead, the information return contained the inflated tips described above.

25. As described above, Defendant's actions in including the inflated tips in the information return were willful inasmuch as Defendant was able to avoid

providing the legally-required minimum wage compensation to Plaintiff through its fraudulent actions.

26. Pursuant to 26 U.S.C. § 7434, "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

27. As a result of Defendant's violation of 26 U.S.C. § 7434, it is liable to Plaintiff in an amount equal to the greater of $5,000 or the sum of— (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees.

28. Defendant's fraudulent actions have caused Plaintiff significant damage. As just one example, the Georgia Department of Labor has informed Plaintiff that she purportedly underreported her wages based on the falsely inflated figures it received from Defendant. It has informed Plaintiff that she owes it $4,105.00, plus interest, and threatened criminal prosecution, due to her purported underreporting of her income. Defendant's actions have caused Plaintiff significant emotional distress.

29. Plaintiff has retained The Weiner Law Firm LLC to represent her in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

*Collective Action Allegations*

30. Numerous current and former employees of Defendant exist who are similarly situated to Plaintiff, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit. Those similarly situated current and former employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

31. Those current and former employees similarly situated to Plaintiff include individuals employed by Defendant as servers who were not compensated at least at the federal minimum wage for all hours worked during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

32. Plaintiff consents to participate in this collective action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Minimum Wage Compensation Due Under 29 U.S.C. § 206)

33. Plaintiff re-alleges paragraphs 1 through 32 above and incorporates them here by reference.

34. Pursuant to 29 U.S.C. § 203(m), an employer may take a tip credit on the wages of a "tipped employee" if the employer notifies the employee that it intends to treat the employees' tips as satisfying part of its minimum wage obligations and the employee receives customer tips in an amount that, together with the sub-minimum wage, equals the minimum hourly wage.

35. By engaging in the conduct described above, Defendant failed to pay Plaintiff and all similarly situated employees at least at the federal minimum wage for all hours worked.

36. Defendant's actions in failing to compensate Plaintiff and similarly-situated employees in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff and similarly-situated employees.

37. As a result of Defendant's violation of the FLSA, Plaintiff and all similarly-situated employees are entitled to recover their unpaid minimum wage compensation and an equal amount as liquidated damages, as well as prejudgment

interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

### (Violation of 26 U.S.C. § 7434)

38. Plaintiff re-alleges paragraphs 1 through 32 above and incorporates them here by reference.

39. Upon information and belief, Defendant filed an information return as that term is defined under 26 U.S.C. § 6724 with respect to Plaintiff.

40. Upon information and belief, in that information return, Defendant reported the information required by 26 U.S.C. § 605, including the purported amount of tips reported by its employees.

41. Upon information and belief, Defendant's information return was fraudulent. Defendant knew that the information return did not contain the actual amount of tips that Plaintiff reported to Defendant and, instead, the information return contained the inflated tips described above.

42. As described above, Defendant's actions in including the inflated tips in the information return were willful inasmuch as Defendant was able to avoid providing the legally-required minimum wage compensation to Plaintiff through its fraudulent actions.

43. Pursuant to 26 U.S.C. § 7434, "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

44. As a result of Defendant's violation of 26 U.S.C. § 7434, it is liable to Plaintiff in an amount equal to the greater of $5,000 or the sum of (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award:

   i. to Plaintiff and all similarly-situated employees, damages in the amount of their respective unpaid minimum wages, according to proof, and pursuant to the FLSA;

   ii. to Plaintiff and all similarly-situated employees, an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

   iii. to Plaintiff and all similarly-situated employees, prejudgment interest;

    iv.    to Plaintiff and all similarly-situated employees, the costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

    v.    to Plaintiff and all similarly-situated employees, reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b);

    vi.    to Plaintiff, the greater of $5,000 or the sum of (1) the actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the Court's discretion, reasonable attorneys' fees; and

    vii.    such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: December 3, 2015

By: /s/ Andrew L. Weiner
    Andrew L. Weiner
    Georgia Bar No. 808278
    Jeffrey B. Sand
    Georgia Bar No. 181568
    THE WEINER LAW FIRM LLC
    3525 Piedmont Road
    7 Piedmont Center, 3rd Floor
    Atlanta, Georgia 30305
    (404) 205-5029 (Tel.)
    (404) 254-0842 (Tel.)
    (866) 800-1482 (Fax)
    aw@atlantaemployeelawyer.com
    js@atlantaemployeelawyer.com

    COUNSEL FOR PLAINTIFF AND OTHER
    SIMILARLY-SITUATED EMPLOYEES